UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RB CAPITAL PARTNERS, INC., a California Corporation,<br><br>                              Plaintiff,<br><br>v.<br><br>CYBERLUX CORPORATION, a Nevada Corporation,<br><br>                              Defendant. | Case No.:  24-cv-1434-AJB-BJW<br><br>**ORDER GRANTING MOTIONS TO WITHDRAW AS COUNSEL**<br><br>**(Doc. Nos. 48, 51)** |

Before the Court are two motions to withdraw as counsel for Defendant Cyberlux Corporation ("Cyberlux") filed by Cyberlux's counsel. (Doc. Nos. 48; 51.) Cyberlux's counsel Thompson Coburn LLC filed its motion to withdraw on January 5, 2026. (Doc. No. 48.) Just over one week later, Cyberlux's co-counsel, Hahn Loeser & Parks, LLP ("HLP") (collectively, with Thompson Coburn, "Counsel"), also moved for leave to withdraw. (Doc. No. 51.) The Court held a hearing on the motions on February 19, 2026. (Doc. No. 57.) For the reasons discussed herein, and discussed on the record, the motions to withdraw are **GRANTED**.

## I.    BACKGROUND

Plaintiff is a venture capital lender to various emerging and technology-based industries. (Doc. No. 1 ¶ 1.) Cyberlux is a defense industry technology solutions company. (*Id.* ¶ 2.) From October 2021 through July 2022, Plaintiff loaned Cyberlux a total of

$5,250,000, which is evidenced by five separate Convertible Promissory Notes (the "Notes"), executed on different dates:

1. $1,500,000 on October 22, 2021 (the "10/22/21 Note");

2. $1,500,000 on November 8, 2021 (the "11/8/21 Note");

3. $1,500,000 on November 22, 2021 (the "11/22/21 Note");

4. $500,000 on May 23, 2022 (the "5/23/22 Note"); and

5. $250,000 on July 12, 2022 (the "7/12/22 Note").

(*Id.* ¶¶ 8–12; Doc. Nos. 1-3–1-7.)

In December 2023, Cyberlux made a single, partial payment of $250,000 towards the debt owed on the 10/22/21 Note. (Declaration of Brett Rosen ("Rosen Decl."), Doc. No. 16-1 ¶ 9.) Otherwise, Cyberlux has not paid the sums owed on the Notes. (*Id.*)

On December 18, 2023, Plaintiff and Cyberlux entered into a new agreement with respect to the 11/22/21 Note. (Doc. No. 16 at 5.) The new agreement, entitled Cancellation of Debt in Exchange for Stock Agreement (the "Stock Agreement"), cancelled the $1.5 million debt related solely to the 11/22/21 Note, in exchange for Plaintiff "purchasing" common stock in Cyberlux Corp. (*Id.*)

At the time the Stock Agreement was executed, Cyberlux's shares were subject to trading restrictions known as "Caveat Emptor," meaning Plaintiff could not sell the shares after the conversion. (Rosen Decl. ¶ 11.) Cyberlux assured Plaintiff that the Caveat Emptor would soon be lifted. (*Id.*) Later, in January 2024, the parties agreed those shares would revert back to debt if trading restrictions on those shares were not removed by the end of the Second Quarter 2024. (*Id.*) However, because the Caveat Emptor was not lifted by the end of the Second Quarter 2024, Plaintiff asserts the equity reverted back to debt. (Doc. No. 16 at 5.)

On January 17, 2025, the Court granted in part and denied in part Cyberlux's motion to compel arbitration. (Doc. No. 23.) The Court denied Cyberlux's motion to compel arbitration as to Plaintiff's breach of contract claim to the extent it is predicated on the Unconverted Notes and granted the motion as to Plaintiff's breach of the 11/22/21 Note

2

and the Stock Agreement, and Plaintiff's declaratory relief claim. (*Id.* at 13.) The Court stayed the case as to Plaintiff's first claim for breach of contract to the extent it is based on the 11/22/21 Note and Stock Agreement, and as to the second claim for declaratory relief. (*Id.* at 14.) The case was not stayed as to Plaintiff's breach of contract claim to the extent it is predicated on the Unconverted Notes. (*Id.*) As of the filing of this Order, all discovery is closed and a pretrial conference is scheduled for March 26, 2026. (Doc. Nos. 27; 33; 46.)

## II.    LEGAL STANDARD

Granting or denying a motion to be relieved as counsel is within the discretion of the district court. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009) (reviewing denial of motion to be relieved as counsel for abuse of discretion); *In re Saber*, No. 21-55913, 2022 WL 11592836, at *1 (9th Cir. Oct. 20, 2022). An attorney of record may not withdraw as counsel except by leave of court. *Kassab v. San Diego Police Dep't*, 2008 WL 251935, at *1 (S.D. Cal. Jan. 29, 2008); *Hoffman v. United States*, 2007 WL 3037463, at *1 (S.D. Cal. Oct. 16, 2007). In exercising its discretion, courts commonly consider the following factors when determining whether counsel should be permitted to withdraw:

> (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.

*Beard v. Shuttermart of Cal.*, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008).

In a federal proceeding, a lawyer's conduct, including his or her duties to their client, is governed by the ethical rules of the relevant court. *See In re Snyder*, 472 U.S. 634, 645 n.6 (1985) ("The state code of professional responsibility does not by its own terms apply to sanctions in the federal courts. Federal courts admit and suspend attorneys as an exercise of their inherent power; the standards imposed are a matter of federal law."). "When an attorney appears before a federal court, he is acting as an officer of that court, and it is that court which must judge his conduct." *Cord v. Smith*, 338 F.2d 516, 524 (9th Cir. 1964). "Absent specific ethical standards from case law, court rules, and adopted rules of professional conduct, *see In re Snyder*, 472 U.S. at 645, 'those standards promulgated by

24-cv-1434-AJB-BJW

the American Bar Association' ("ABA") offer 'appropriate guidance for finding the current national standards of ethical norms.'" *Suarez v. Del Toro*, No. 22-CV-0021-GPC-BLM, 2023 WL 149105 (S.D. Cal. Jan. 10, 2023) (quoting *In re Mitchell*, 901 F.2d 1179, 1184 (3d Cir. 1990)). Accordingly, the Court looks to the ABA's Model Rules of Professional Conduct. *See Mitchell*, 901 F.2d at 1184; *see also Suarez*, 2023 WL 149105, at *2 (looking to the ABA Model Rules, rather than the California Rules of Professional Conduct, when analyzing a motion to be relieved as counsel in the Southern District of California).

## III.   DISCUSSION

"A motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client." CivLR 83.3.f.3. "A declaration pertaining to such service must be filed" and failure to "serve as required by [CivLR 83.3] or to file the required declaration of service will result in a denial of the motion." *Id.* Here, Counsel has met the notice requirement. (*See* Doc. Nos. 51-1; 51-2; 54.)

Under ABA Model Rule 1.16(b), an attorney may withdraw from representation when "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Model Rules of Pro. Conduct r. 1.16(b)(5) (Am. Bar. Ass'n, 1983) (last amended April 14, 2020). Additionally, an attorney may withdraw when "the representation will result in an unreasonable financial burden on the lawyer," if representation "has been rendered unreasonably difficult by the client," or if "other good cause for withdrawal exists." *Id.* at r. 1.16(b)(6)&(7).

Here, both motions to withdraw are sparce on the facts regarding why withdrawal is necessary. Thompson Coburn states that withdrawal is appropriate in this matter "due to professional considerations." (Doc. No. 48 ¶ 2.) HLP states that it moves to withdraw from representation because of reasons provided by California Rule of Professional Conduct 1.16(b). (Doc. No. 51 at 3.) However, HLP does not state which of 1.16(b)'s grounds is its basis for withdrawal. At the February 19 Hearing, the Court inquired whether Counsel could provide additional details on the record if that portion of the record were sealed.

4

Counsel then, under seal, expounded on the reasons for withdrawal. For the reasons stated on the record, the Court is satisfied that good reason exists to permit Counsel's withdrawal.

Next, the Court looks to the remaining factors. "It is a longstanding rule that corporations and other incorporated associations must appear in court through an attorney." *In re Am. West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994); *see* also CivLR 83.3(j). Because corporate entities may not proceed *pro se*, Cyberlux will be unrepresented and in violation of the local rules if the Court grants the Motions. *See CE Res., Inc. v. Magellan Group, LLC*, No. 08-CV-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct.14, 2009) ("A grant of attorney's motion to withdraw would effectively place the [] Corporation in immediate violation of local rules as they would no longer have counsel to represent them. It is the duty of the trial court to see that the client is protected, so far as possible, from the consequences of an attorney's abandonment."). While some courts have relied on this requirement to deny a motion to withdraw as counsel, *see, e.g.*, *CE Res.,* 2009 WL 3367489, at *3 ("It would be an injustice to leave [the corporate defendant] in a judicial stalemate until a replacement attorney could be located."), the Court believes that such outcome would not be in everyone's best interest in this case.

Here, Plaintiff filed a non-opposition to both motions to withdraw. (Doc. Nos. 55; 56.) Additionally, the Court's January 14, 2026 Order required a company representative for Cyberlux to attend the February 19, 2026 Hearing. (Doc. No. 52 ("**A company representative for Cyberlux must be present at the hearing.**" (emphasis in original).) At the hearing, Counsel stated that he reminded Cyberlux of the attendance requirement. However, Cyberlux failed to appear at the hearing. Accordingly, due to the procedural posture of this case, Plaintiff's non-opposition to the withdrawal, and Cyberlux's failure to attend the February 19 Hearing, the Court finds that withdrawal would not cause harm to the administration of justice or unreasonable delay to the resolution of the case.

## IV.    CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows:

1.    The motions to withdraw are **GRANTED** (Doc. Nos. 48; 51);

24-cv-1434-AJB-BJW

2.    Cyberlux is **HEREBY NOTIFIED** that it has **thirty (30) days** from the date this order is filed to obtain new counsel and have counsel file a notice of appearance. If Cyberlux fails to do so, it will be subject to default proceedings. Specifically, the striking of its answer and the entry of judgment. *See United States v. High Country Broadcasting, Co.,* 3 F.3d 1244, 1245 (9th Cir. 1993);

3.    All pending deadlines, including the pretrial conference and related deadlines are **VACATED**. The Court will reset the deadlines upon appearance of Cyberlux's substitute counsel; and

4.    The Clerk of Court is **DIRECTED** to serve this Order on Cyberlux at its last known address:

Cyberlux Corportation
800 Park Offices Drive
Suite 3209
Research Triangle Park, North Carolina 27709

(Doc. No. 51-1 ¶ 6.)

**IT IS SO ORDERED.**

Dated:  February 23, 2026

Hon. Anthony J. Battaglia
United States District Judge

6

24-cv-1434-AJB-BJW